```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  MICHAEL M. BECKWITH
    JARED C. DOLAN
 3  Assistant U.S. Attorney
    501 I Street, Suite 10-100
 4  Sacramento, California 95814
    Telephone: (916) 554-2700
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,    )   2:11-CR-00323-JAM
                                 )
12             Plaintiff,        )
                                 )
13        v.                     )   APPLICATION FOR ORDER
                                 )   REGARDING CRIMINAL FORFEITURE
14  KENNETH GEORGE EATON,        )   OF PROPERTY IN GOVERNMENT
    WILLIAM JOSEPH BOHAC,        )   CUSTODY - 18 U.S.C. §
15  JONATHAN DALE GANEY, and     )   983(a)(3)(B)(ii)(II)
    THOMAS EUGENE GANEY,         )
16                               )
               Defendants.       )
17  _____)
18
```

19     The United States of America, through its counsel, hereby
20 moves for an order allowing the government to maintain custody of
21 property already in the government's possession pending the
22 resolution of a criminal forfeiture matter. The grounds for the
23 motion are as follows:
24     On or about July 19, 2011, during the execution of a federal
25 search warrant agents seized the following:
26     a.   Approximately $46,000.00 in U.S. Currency.
27
28 Hereinafter, the above-referenced asset is referred to as the
    "seized asset".

                                1   Application for Order Re Criminal Forfeiture

In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement Administration ("DEA") sent notice to all potential claimants of its intent to forfeit the seized asset in a non-judicial forfeiture proceeding, and caused notice to be published in a newspaper of general circulation.

On or about October 14, 2011, defendant William Joseph Bohac filed a claim contesting the administrative forfeiture of the seized asset above pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized asset in a criminal indictment. On July 28, 2011, the government elected the third option when it filed an Indictment containing a general forfeiture allegation. On January 4, 2012, the government filed a Bill of Particulars that includes forfeiture of the seized asset. The Indictment and Bill of Particulars are now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statute in this case is 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate

for a court to issue a seizure warrant directing the government to seize property from itself.  In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized asset pursuant to a federal search warrant, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the U.S. Marshals Service, may continue to maintain custody of the seized asset until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized asset through the conclusion of the pending criminal case, and stating

///
///
///
///

that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: 4/18/2012           BENJAMIN B. WAGNER
                           United States Attorney

                     By:   /s/ Jared C. Dolan
                           JARED C. DOLAN
                           Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

   a.   Approximately $46,000.00 in U.S. Currency.

   IT IS SO ORDERED.

DATED: April 19, 2012      /s/ John A. Mendez
                           JOHN A. MENDEZ
                           United States District Court Judge